**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Theodore Richard VIALPANDO, Defendant-Appellant.**

**No. 82CA1170.**

Colorado Court of Appeals, Div. III.

Oct. 11, 1984.

Rehearing Denied Nov. 15, 1984.

Certiorari Granted Feb. 4, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Peter J. Stapp, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy State Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Theodore R. Vialpando, appeals from an adverse jury verdict finding him ineligible for release from commitment after having been found not guilty by reason of insanity. We affirm.

Defendant sought to elicit testimony from a member of the disposition committee at the Colorado State Hospital concerning the nature of his proposed conditional release and its terms and conditions. The trial court ruled the line of questioning irrelevant because the setting of terms and conditions for release is purely a judicial function. Defendant argues that this evidence is relevant under CRE 401 to the issue of defendant's eligibility for release. We disagree.

Section 16–8–115(3)(a), C.R.S. (1983 Cum. Supp.) provides in part that: "If the ... jury finds the defendant eligible for release, the court may impose such terms and conditions as the court determines are in the best interests of the defendant and the community...." As to this defendant, the applicable test for release is "that the defendant has no abnormal mental condition which would be likely to cause him to be dangerous either to himself or to others or to the community in the reasonably foreseeable future." Section 16–8–120(1), C.R.S. (1978 Repl.Vol. 8).

In *People v. Giles*, 192 Colo. 240, 557 P.2d 408 (1976), the court held that: "[T]he jury's function ends with its determination whether or not the defendant is eligible for release. The decision whether to impose conditions on release is solely for the court." We hold that adoption of CRE 401 did not alter the rule of *People v. Giles*, and thus, defendant's proffered evidence was irrelevant as a matter of law.

Judgment affirmed.

BERMAN and METZGER, JJ., concur.